815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William G. KOLAR, Plaintiff-Appellant,
v.
DOBBS, INC., Defendant-Appellee.
 No. 86-1171.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1987.
 
 Before MERRITT, WELLFORD, and NORRIS, Circuit Judges.
 ALAN E. NORRIS, Circuit Judge.
 
 
 1
 Plaintiff, William G. Kolar, appeals from the order of the United States District Court for the Eastern District of Michigan, denying his motion to remand his suit against his employer back to state court and dismissing his complaint. He contends that the district court erred in (1) characterizing his complaint as an action arising under federal law, pursuant to Section 301(a) of the Labor Management Relations Act [29 U.S.C. Sec. 185(a) ], and removing it from state court; and (2) dismissing claims he maintains he pleaded which were based on state law.
 
 
 2
 The parties agree that plaintiff began his employment with defendant, Dobbs, Inc., in 1980 as a furniture finisher; that he was a member of the union with which defendant had entered into a collective bargaining agreement; that, due to lack of work, he was laid off during 1982-83; and that, in July 1983, plaintiff believed that defendant had filled his former position with employees with less seniority and, so, filed a grievance with the union alleging that defendant had violated his rights under the collective bargaining agreement.
 
 
 3
 In his appellate brief, plaintiff contends that, at the grievance conference, it was determined that he was not qualified for any of the full-time work available, but that defendant would assist plaintiff by permitting him to work as a casual employee and by making referrals to him for his furniture repair service; that the grievance was considered resolved by all parties on this basis; and that, subsequently, defendant refused to refer customers, and by limiting his hours, constructively discharged him on October 2, 1984.
 
 
 4
 Plaintiff originally filed this cause with the Oakland County Circuit Court, and defendant successfully sought to have it removed to the district court on the basis that plaintiff's allegations of the violation of the collective bargaining agreement vested jurisdiction in the district court under Section 301(a). Plaintiff sought to remand the case back to state court claiming that there was no federal jurisdiction, because as he did not allege a breach of the union's duty of fair representation, he had alleged only state causes of action for unlawful discharge, intentional infliction of emotional distress, and breach of contract. The district court overruled plaintiff's motion and dismissed the complaint, sua sponte, for the reason that it omitted a claim for breach of the union's duty to fair representation.
 
 
 5
 Since Kolar's complaint clearly enumerated violations of the collective bargaining agreement, removal of this case was proper under 28 U.S.C. Sec. 1441(b), because Section 301(a) of the Labor Management Relations Act [29 U.S.C. Sec. 185(a) ] provides that:
 
 
 6
 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.
 
 
 7
 In a Section 301(a) suit brought by an employee against his employer for breaching a collective bargaining contract by wrongfully discharging him, the general rule under circumstances like those present in this case, is that an employee must allege in his complaint, and prove, that the union violated its duty of fair representation, even if the employee does not sue the union. See e.g., DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 164-65 (1983). Because plaintiff's claim on appeal is that the district court erroneously dismissed his state claims, and he has failed to demonstrate how the district court erred in following the general rule, the district court properly dismissed any federal claim that arose under Section 301(a).
 
 
 8
 In the course of dismissing plaintiff's recharacterized federal claim against defendant, the district court also dismissed any independent state-based claims that might have been pleaded. Plaintiff argues that, while dismissal of pendent state claims is required once the federal claim is dismissed, the pendent state claims are to be dismissed without prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, we must determine if any independent state claims were pleaded by plaintiff which are not preempted by the scope of Section 301(a).
 
 
 9
 Our examination of the complaint leads to the inescapable conclusion that plaintiff's claim was based entirely upon his contention that defendant had breached the collective bargaining agreement. Indeed, his prayer for relief is limited to relief that would flow from a breach of that agreement.
 
 
 10
 Plaintiff argues that his complaint alleged that defendant's actions were tortious and in violation of Michigan's public policy and common law, as embodied in Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579, 292 N.W.2d 880 (1980), and caused him to suffer emotional distress. However, with the exception of such conclusory allegations as defendant "acted without just cause and with malice" and "such acts were willful, wanton and intentional," the complaint makes no references to conduct by defendant, independent of that alleged to constitute a breach of the collective bargaining agreement, which would ground such state causes of action. Instead, it is plain that the dispute underlying the complaint turns on the terms of the labor contract and, therefore, is preempted under federal law. See e.g., Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985).
 
 
 11
 Plaintiff also contends that he pleaded an independent state cause of action for breach of the grievance settlement agreement, to refer repair business and give him casual employment. The problem with this contention is that, while the complaint alleges that defendant "refused to abide by the terms of" the settlement agreement, the allegation is made in the context of a claim that defendant fraudulently breached the collective bargaining agreement's arbitration provisions, by entering into a settlement with the intention of inducing plaintiff to allow the time to expire within which to file for arbitration. He sought no relief for breach of the settlement agreement itself--the entire thrust of his complaint was to either recover his full-time employment, or damages based on full-time employment, in reliance upon his rights under the collective bargaining agreement.
 
 
 12
 Accordingly, the judgment of the district court is affirmed.